IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David S. Scofield<br>2160 Blue Valley Road<br>P.O. Box 2394<br>Lancaster, Ohio 43130<br><br>    Petitioner,<br><br>                      vs.<br><br>Judyth A. LeDoux<br>Director of Industry Operations<br>Columbus Field Office<br>Bureau of Alcohol, Tobacco, Firearms<br>    and Explosives<br>230 West Street, Suite 400<br>Columbus, OH 43215<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br><br><br><br>Judge<br><br>VERIFIED PETITION FOR<br>JUDICIAL REVIEW |

Now comes the Petitioner, David S. Scofield, by and through his counsel and for their Petition for Judicial Review of the Respondent's December 10, 2019 Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License, states as follows:

    1.    This is a petition for *de novo* judicial review of the non-renewal of a federal license as a Manufacturer of Firearms Other than Destructive Devices, and this action

1 | P a g e

is being timely brought pursuant to 18 U.S.C. 923(f)(3) and its related regulations.

## PARTIES

2. David S. Scofield is an individual doing business under the trade name Dave's World, with his principal place of business in Lancaster, Ohio. Scofield has been, for many years, a federally licensed firearms dealer/manufacturer who has engaged in the business of firearms sales to law enforcement officers and other qualified collectors. Scofield currently operates his business as a sole proprietorship with two registered persons on his license.

3. Respondent, Judyth A. LeDoux (DIO LeDoux) is the Director of Industry Operations of the Columbus Field Division of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Scofield operates his business within the jurisdiction of the Columbus Field Division and DIO LeDoux.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq.*, and its related regulations.

5. Venue is proper in the Southern District of Ohio, as Scofield's principal place of business is located within this district.

## FACTS

6. On July 24, 2019, DIO LeDoux sent a Notice of Denial of Application of License to Scofield, notifying Scofield that his federal firearms license as a Manufacturer of Firearms Other than Destructive Devices was being non-renewed.

7. Scofield timely requested an administrative hearing with respect to the non-renewal of his Manufacturer of Firearms Other than Destructive Devices pursuant to 18 U.S.C. 923(f)(2), and a hearing was held in Columbus, Ohio on October 22, 2019.

8. Scofield received a Final Notice of Denial of Application, Revocation, Suspension and/or Fine of Firearms License from DIO LeDoux (the "Final Notice"), issued December 10, 2019 (and received by Scofield on December 12, 2019). The Final Notice indicated that Scofield's renewal of his Manufacturer of Firearms Other than Destructive Devices License had been denied. (See attached Exhibit A.)

9. The Final Notice sets forth certain purported findings of fact and conclusions of law regarding DIO LeDoux's non-renewal of Scofield's Manufacturer of Firearms Other than Destructive Devices License with respect to, among other things, alleged claim that Scofield had been convicted of a felony, and that said felony conviction had become final.

## COUNT I
## Not a Final Conviction

10. Petitioner realleged and reaffirms the allegations contained in paragraphs 1 through 9 as if fully re-written herein.

11. In the Final Notice, DIO LeDoux found that Scofield's conviction for Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(B) & (I), with Specification had become final.

12. At the time that DIO LeDoux issued her Final Notice, there remained pending a valid petition for post-conviction relief (PCR) filed by Scofield. Said petition was

then pending in the Fairfield County Court of Common Pleas--Case Number 2016CR00475.

13. In his original petition seeking PCR, Scofield argued that his trial counsel failed to properly discharge his duties in representing Scofield.

    a. Scofield's counsel did not present evidence and witnesses who could easily have disproved any legal basis for searching Scofield's car.

    b. Scofield's counsel did not investigate and gather proper evidence.

    c. Scofield's counsel advised Scofield to plead "no contest"—not admitting any guilt -- even though Scofield knew that he was factually innocent of said charge(s) for several reasons.

    d. Ohio Revised Code 2923.16 as re-written once concealed carry permits became available in Ohio is inherently vague and difficult to defend against as presently written – as how does someone prove or even defend that someone did *not* knowingly act in violation of this section.

14. Thereafter, Scofield filed an amended petition seeking post-conviction relief (PCR). In such petition, Scofield provided sworn testimony supportive of his arguments.

    a. Scofield's constitutional rights to be secure in himself and his property--his Fourth Amendment rights--were clearly violated. The police undertook an inventory search of his automobile without probable cause and eight minutes prior to any decision to detain and arrest him.

    b. There was another legally licensed driver present who could have and should have

      been permitted to drive Scofield's motor vehicle away from the scene of the police stop.

    c. Scofield's car should not have been impounded as it was his mother's motor vehicle, and said motor vehicle was not obscuring traffic at the time of the police stop (1:00 a.m. on a Friday morning).

    d. In summary, there was no legal reason to search Scofield's car.

15. On June 14, 2019, Scofield then filed an appeal to the Ohio Supreme Court. (Case Number 19-0798, Notice of Appeal.) Most recently, with two justices dissenting, the Ohio Supreme Court denied Scofield's appeal. (See ruling of August 6, 2019.) Scofield then filed a timely appeal from such denial, which was ultimately denied by the Ohio Supreme Court for procedural reasons—not on the merits of said appeal.

16. At the time of the non-renewal issued by DIO LeDoux in her Final Notice to Scofield, Scofield had two valid appeals pending.

17. In accordance with 18 U.S.C. 925(a), DIO LeDoux lacked the discretion and the authority to non-renew Scofield's License.

## COUNT II
### ATF Violations of Scofield's Rights

18. Petitioner realleged and reaffirms the allegations contained in paragraphs 1 through 17 as if fully re-written herein.

19. ATF has violated and continues to violate Scofield's rights, federal law, and their own rules and regulations.

20. DIO LeDoux personally contacted Scofield on March 1, 2019 to inform Scofield that ATF's Columbus Office was wanting Scofield to start winding down his operations and his license. Scofield immediately informed DIO LeDoux that Scofield intended to renew his Manufacturer of Firearms Other than Destructive Devices License, as he was appealing the felony conviction as per his rights, and the law, after talking a plea deal solely so that he could appeal the refusal of the trial judge to suppress the unconstitutionally-seized evidence – as his then legal counsel advised him to do.

21. On May 2, 2019, such information was reiterated to ATF during a premises inspection made by the Columbus Office of the ATF.

22. ATF's Columbus Office ignored the fact that Scofield had two pending appeals as of the date of their Notice to Deny Application for License (7/24/2019). This violated 18 U.S.C. 925(a), which clearly allows an individual to "continue operations pursuant to his existing license (if prior to the expiration of the term of the existing license application is made for a new license) during the term of such indictment and any conviction pursuant to the indictment becomes final."

23. ATF performed an illegal search on 5/15/2019 at Scofield's home. While ATF was called in by FCAPO, ATF had no right to come onto Scofield's property and to search and seize Scofield's property without a valid search warrant of their own. ATF was merely at Scofield's house on an assist to FCAPO. ATF had no authority to go on a fishing expedition, to look all around Scofield's property, or to seize his

property. In addition, ATF's agent had no right to threaten Scofield with federal felony charges while Scofield was in custody and being detained by the FCAPO.

24. ATF failed to notify Scofield within the statutory 60 days mandated by federal law that his Manufacturer of Firearms Other than Destructive Devices License application for renewal had been rejected. In fact, it took from May 8th until July 24th '2019 to notify Scofield's legal counsel in writing, of such. This, even after repeated calls and letters to ATF requesting updates and providing additional documentation of the pending appeals.

25. ATF again performed an illegal and unconstitutional search and seizure of Scofield's property when (on August 15, 2019) ATF served a Denial of Application on David Waldron at Waldron's storage unit where Waldron was legally holding such property for Scofield (as a responsible person under Scofield's license) while Scofield was in the process of the appeals.

## COUNT III
### Equal Access to Justice Act

26. Petitioner realleged and reaffirms the allegations contained in paragraphs 1 through 25 as if fully re-written herein.

27. Under 28 U.S.C. Code Section 2412, Scofield seeks recovery of reasonable costs and attorney fees associated with bringing this action, as well as the return of all of his property to a qualified individual or business of Scofield's choosing, to hold or sell Scofield's property as Scofield sees fit, during and/or after this appeal.

## COUNT IV
### Injunctive Relief

28. Petitioner realleged and reaffirms the allegations contained in paragraphs 1 through 27 as if fully re-written herein.

29. Scofield is entitled to injunctive relief in the form of a temporary restraining order and preliminary injunction, such that the ATF must re-instate Scofield's Manufacturer of Firearms Other than Destructive Devices License during the pendency of this legal action.

30. Respondent's enforcement of the refusal to renew Scofield's Manufacturer of Firearms Other than Destructive Devices License, absent injunctive relief, will result in immediate and irreparable injury to the business of Scofield. Specifically, Scofield's operations will be damaged such that whether he has an Manufacturer of Firearms Other than Destructive Devices License at that point simply will not matter and succeed on the merits of this case will be a Pyrrhic victory.

31. The issuance of requested injunctive relief will not cause undue harm, substantial inconvenience or loss to the Respondent, and on balance, whatever inconvenience that may be caused to Respondent is substantially less than the actual injury to Scofield.

32. The public will not be adversely affected by the issuance of a TRO and preliminary injunctions, and in fact, the public's interest will be protected by such; and

33. Scofield can demonstrate a probability of success on the merits, or alternatively,

serious questions going to the merits, such that the balance of hardship sharply favors the protection of his interests by the issuance of a TRO and ultimately a preliminary injunction.

WHEREFORE, Scofield respectfully requests that this Honorable Court enter judgment in his favor and against DIO LeDoux, declare that sufficient grounds for non-renewing Scofield's Manufacturer of Firearms Other than Destructive Devices License do not exist, order that the Final Notice be rescinded and that Scofield's Manufacturer of Firearms Other than Destructive Devices License be reinstated, award costs, damages, and reasonable attorney fees, and award any further relief deemed just and appropriate.

Respectfully submitted,

THOMAS C. LOEPP, LAW OFFICES, CO., LPA

/s/ Thomas C. Loepp
Thomas C. Loepp (#0046629)
Attorney for Plaintiff
Thomas C. Loepp, Law Offices, Co., LPA
3580 Darrow Road
Stow, OH 44224
(330) 688-0560
Tom@AttorneyLoepp.com

Counsel for Petitioner

## **VERIFICATION**

Now comes the Petitioner, David S. Scofield, and on this 3rd day of February, 2020, states that the foregoing Petition is true and correct to the best of his information, knowledge and belief.

_____
David S. Scofield

Before me a Notary Public in and for said county and state personally appeared the above-named individual, who signed the foregoing verification, and states that same is his free act and deed and the free act and deed of said corporation.

_____
NOTARY PUBLIC—Thomas C. Loepp
Expiration Date – NONE

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____, filed by:
or

☑ License Number  4-31-045-07-9F-02907 (renewal) _____ as a/an
Manufacturer of Firearms Other than Destructive Devices _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*

Mailing address: 204 South Broad Street, #2394, Lancaster, OH 43130

Business address: 2160 Blue Valley Road, Lancaster, OH 43130

**Notice is Hereby Given That:**

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

  ☐ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:
  
    ☐ 15 calendar days after receipt of this notice, or ☐ _____,

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $_____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

  ☐ application for license described above is denied, pursuant to 18 U.S.C. 923(d).

  ☑ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:
  
    ☐ 15 calendar days after receipt of this notice, or ☑ immediately upon receipt.

  ☐ license described above is revoked pursuant to 18 U.S.C. 923(e), 922(t)(5) or 924(p), effective:
  
    ☐ 15 calendar days after receipt of this notice, or ☐ _____

  ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

  ☐ licensee is fined $_____, payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at  230 West St., Ste. 400, Columbus, OH 43215
, prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.


EXHIBIT A

ATF E-Form 5300.13
Revised September 2014

UNITED STATES OF AMERICA
DEPARTMENT OF THE JUSTICE
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
COLUMBUS FIELD DIVISION

| | |
|---|---|
| IN THE MATTER OF THE | * |
| | * |
| DENIAL OF THE APPLICATION | * |
| FOR LICENSE RENEWAL | *  **FINAL NOTICE OF DENIAL** |
| FILED BY: | * |
| DAVID S. SCOFIELD | * |
| 2160 Blue Valley Rd | * |
| Lancaster, OH 43130 | * |
| FFL # 4-31-045-07-9F-02907 | * |

Based upon the administrative record from the hearing concerning the denial of the renewal of the Federal firearms license # 4-31-045-07-9F-02907 of David S. Scofield, dba Daves World, 2160 Blue Valley Rd., Lancaster, Ohio 43130, the following are the findings and conclusions of the Director of Industry Operations, (DIO), Columbus Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF):

FINDINGS:

1. Applicant, David S. Scofield dba Daves World, 2160 Blue Valley Road, Lancaster, OH 43230 filed a Federal Firearms License Renewal Application, ATF Form 8 (5310.11) Part II, dated April 8, 2019, pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, with ATF as his license, # 4-31-045-07-9F-02907 as an (07) Manufacturer of Firearms other than Destructive Devices, was set to expire on June 1, 2019. The Federal Firearms Licensing Center (FFLC) received his renewal application on April 17, 2019.

2. The GCA mandates that ATF issue a Federal firearms license to a qualified applicant. 18 U.S.C. § 923(c); 27 C.F.R. § 478.47(a).

3. On July 24, 2019, the DIO, Columbus Field Division, issued a Notice of Denial of Application of License, ATF Form 4498 (5300.43) to the Applicant's post office box (by regular U.S. Mail) and to his attorney by certified mail. By letter dated August 9, 2019, the Applicant's attorney, Thomas C. Loepp, timely submitted a request for a hearing to review that Notice.

4. The hearing was held on October 22, 2019, at the ATF Columbus Field Division office. The hearing was conducted by ATF Columbus Field Division DIO Judyth A. LeDoux. ATF was represented by Division Counsel Dianna L. Bessemer. The Applicant, David S.

Scofield was present at the hearing and was represented by attorney Thomas Loepp. A court reporter was present for the hearing and provided a transcript to the Government. The Government offered exhibits. The Applicant offered testimony and one exhibit. The testimony and exhibits introduced at the hearing constitute the record in this proceeding.

5. Applicant was arrested by Pickerington, Ohio police on November 4, 2016, and subsequently indicted for Improper Handling of a Firearm in a Motor Vehicle, in violation of ORC §2923.16(B)&(I), a felony of the fourth degree with Specification, in violation of ORC § 2941.1417(A) and Unlawful Possession of a Dangerous Ordnance, in violation of ORC § 2923.17(A)&(D), a felony of the fifth degree, with Specification, in violation of ORC § 2941.1417(A).

6. Applicant entered a plea of No Contest on January 29, 2018, to the Improper Handling of a Firearm in a Motor Vehicle, with Specification charge in the Fairfield County Common Pleas Court. Applicant was found guilty, and sentenced to five years' community control, which included a strict prohibition against having ANY firearms for the duration of his sentence, and the Glock firearm was ordered forfeited to the Pickerington Police Department pursuant to the Specification. The second count of the Indictment with Specification was dismissed.

7. Applicant's sentence was stayed, pending his appeal filed on March 1, 2018, to the Fifth District Court of Appeals of the May 9, 2017, judgment of the trial court, which overruled Applicant's motion to suppress.

8. The Fifth District Court of Appeals affirmed the judgment of the Trial Court overruling Applicant's motion to suppress on February 1, 2019. As a result, the trial court ordered Applicant's previously stayed sentence upon conviction be imposed.

9. Applicant did not timely file an appeal to the Ohio Supreme Court, within the statutory 45 days following the decision of the Fifth District Court of Appeals.

10. 18 USC § 925(b) states in part, that a licensed individual may continue operations . . . until conviction pursuant to the indictment becomes final. Applicant's conviction, for purposes of § 925(b) was final on February 1, 2019.

11. Applicant filed a Petition for post-conviction relief with the trial court on March 21, 2019 claiming ineffective assistance of counsel; said motion is still pending.

12. A petition for post-conviction relief is not an appeal. It is not a constitutional right. It is a collateral attack on a judgment that applies to "Any person <u>who has been convicted of a criminal offense</u> . . ." ORC §2953.21.

13. Applicant was notified on May 1, 2019, that a criminal record check that is required as part of the renewal process for a Federal firearms license revealed that he is prohibited from possessing, shipping, transporting, possessing or receiving firearms/ammunition due

to his felony conviction in Fairfield County, Ohio Common Pleas Court, for Improper Handling of a Firearm in a Motor Vehicle in Case # 2016 CR 0475.

14. A Fourth degree felony conviction for Improper Handling of a Firearm in a Motor Vehicle has a maximum penalty of 18 months' incarceration in a penal institution in the State of Ohio.

15. As a result of this felony conviction, Applicant is prohibited from possessing firearms under the GCA, 18 U.S.C. § 922(g)(1).

16. Applicant then filed a series of motions (notice of appeal, motion for delayed appeal, motion for reconsideration, emergency motion for stay) on June 14, 2019, and August 16, 2019, with the Ohio Supreme Court. Those motions were denied on August 6, 2019, and October 15, 2019, and Applicant's case was dismissed.

17. Despite Applicant's claims that he is not guilty of the offense charged, his conviction stands as he is prohibited from the possession of firearms under 18 USC § 922(g)(1) and thus he is ineligible to be issued a Federal firearms license pursuant to 18 U.S.C. § 923(d)(1)(B).

CONCLUSIONS:

18. As such, the applicant is subject to the Federal firearms disabilities contained in 18 U.S.C. § 922(g)(1) and is not eligible for licensing under 18 U.S.C. § 923(d)(1)(B) or 27 C.F.R. § 478.47(b)(2).

19. Therefore, the within renewal application for a type 07 license as a manufacturer of firearms, other than destructive devices is hereby DENIED.

Dated this 10th day of December, 2019.

JUDYTH A. LeDOUX
Director, Industry Operations
Columbus Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
United States Department of Justice