**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

David S. Scofield,                         :
                                           :         Civil Action 2:20-cv-00648
                    Plaintiff,             :
                                           :         Chief Judge Algenon L. Marbley
          v.                               :
                                           :         Magistrate Judge Kimberly A. Jolson
Judyth A. LeDoux, Director of Industry     :
  Operations, Columbus Field Division,     :
  Bureau of Alcohol, Tobacco, Firearms     :         **DEFENDANT'S MOTION FOR**
  And Explosives,                          :         **SUMMARY JUDGMENT**
                                           :
                    Defendant.             :

Plaintiff herein, David S. Scofield, has initiated the above-captioned proceeding seeking review of a decision by the Bureau of Alcohol, Tobacco, Firearms & Explosives, Respondent herein (ATF or Defendant), denying his Federal Firearms License Renewal Application, as an (07) Manufacturer of Firearms other than Destructive Devices (ATF Form 8). As borne out by the undisputed material facts derived from the certified administrative record,[1] there is no contested issue of material fact.  In turn, that record supports the Defendant's conclusion that Plaintiff willfully violated the Gun Control Act of 1968 (GCA) and was, therefore, subject to denial of his license renewal application. Thus, ATF is entitled to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

---

[1] The 210-page Certified Administrative Record (CAR) and sworn certification of same contains sensitive information concerning individuals who are not parties in this litigation.  Therefore, the record will be manually submitted to the Court for filing pending order upon Defendant's motion to file under seal.  ECF No. 11.  Citations thereto will be abbreviated hereafter from the Bates numbered page in the Certified Administrative Record USAO000001–USAO000210 to CAR 1–210.

## I.    STATEMENT OF RELEVANT ADMINISTATIVE ENFORCEMENT HISTORY

Plaintiff, David S. Scofield, dba Dave's World, filed a Federal Firearms License Renewal Application, ATF Form 8, dated April 8, 2019, with ATF, as his license as a Manufacturer of Firearms other than Destructive Devices was set to expire on June 1, 2019.   CAR 184–186.  The ATF is the agency authorized to investigate criminal and regulatory violations of the GCA as amended, Title 18, U.S.C. Chapter 44, and to inspect Federal firearms licensees like Mr. Scofield to ensure their compliance with the record-keeping requirements of the Act. *See* 18 U.S.C. § 923(g)(1)(B); 28 C.F.R. § 0.130(a)(1) (authorizing the Director of ATF to administer and enforce the provisions of Title 18, Chapter 44 related to firearms).  In fact, the GCA mandates that ATF issue a Federal firearms license to a qualified applicant. *See* 18 U.S.C. § 923(c); 27 C.F.R. § 478.47(a).

On July 24, 2019, the Director of Industry Operations, (DIO), Columbus Field Division, ATF, issued a Notice of Denial of Application for Renewal of License both to Plaintiff, and his counsel of record, who also is Plaintiff's counsel of record in the instant case.   CAR 184–186.  By letter dated August 9, 2019, Plaintiff's counsel submitted a request to Defendant for a hearing to review that Notice. *Id.*

The hearing was held on October 22, 2019, and Plaintiff Mr. Scofield and his present legal counsel attended and participated in-person. *Id.*  The full hearing, including direct and cross-examination of parties and witnesses, was transcribed and is part of the record here, at CAR 3–69, as is the entirety of both parties' exhibits offered therein, at CAR 70–182.  Relying on that testimony and those exhibits, the hearing officer for Defendant, the DIO, ATF, denied Plaintiff's renewal application for a Federal firearms license, relying upon the following itemized notation of the operative facts, federal statutes, and relevant Ohio State code sections.

1. Plaintiff was arrested by Pickerington, Ohio police on November 4, 2016, and subsequently indicted for Improper Handling of a Firearm in a Motor Vehicle, in violation of ORC §

2

2923.16(B)&(I), a felony of the fourth degree with Specification, in violation of ORC § 2941.14117(A) and Unlawful Possession of a Dangerous Ordnance, in violation of ORC § 2923.17(A)&(D), a felony of the fifth degree, with Specification, in violation of ORC § 2941.1417(A), captioned State of Ohio vs. David Scott Scofield, Court of Common Pleas of Fairfield County, Ohio, Case No. 16CR475.

2. Plaintiff entered a plea of No Contest on January 29, 2018, to the Improper Handling of a Firearm in a Motor Vehicle, with Specification charged in the Fairfield County Common Pleas Court. Plaintiff was found guilty, and sentenced to five years' community control, which included a strict prohibition against having ANY firearms for the duration of his sentence, and the Glock firearm was ordered forfeited to the Pickerington Police Department pursuant to the Specification. The second count of the Indictment with Specification was dismissed.

3. Plaintiff's sentence was stayed, pending his appeal filed on March 1, 2018, to the Fifth District Court of Appeals of the May 9, 2017, judgment of the trial court, which denied Plaintiff's motion to suppress.

4. The Fifth District Court of Appeals affirmed the judgment of the trial court denied Plaintiff's motion to suppress on February 1, 2019. As a result, the trial court ordered Plaintiff's previously stayed sentence upon conviction be imposed.

5. Plaintiff did not timely file an appeal to the Ohio Supreme Court, within the statutory 45 days following the decision of the Fifth District Court of Appeals.

6. 18 USC § 925(b) states in part, that a licensed individual may continue operations…until conviction pursuant to the indictment becomes final. Plaintiff's conviction, for purposes of § 925(b) was final on February 1, 2019.

7. Plaintiff filed a Petition for post-conviction relief with the trial court on March 21, 2019 claiming ineffective assistance of counsel; said motion is still pending.[2]

8. A petition for post-conviction relief is not an appeal. It is not a constitutional right. It is a collateral attack on a judgment that applies to "Any person who has been convicted of a criminal offense…" ORC § 2953.21.

9. Plaintiff was notified on May 1, 2019, that a criminal record check that is required as part of the renewal process for a Federal firearms license revealed that he is prohibited from possessing, shipping, transporting, possessing or receiving firearms/ammunition due to his felony conviction in Fairfield County, Ohio Common Pleas Court, for Improper Handling of a Firearm in a Motor Vehicle in Case #2016 CR 0475.

10. A Fourth degree felony conviction for Improper Handling of a Firearm in a Motor Vehicle has a maximum penalty of 18 months' incarceration in a penal institution in the State of Ohio.

---

[2] Upon the "State's Response to Defendant's Amended Petition for Post-Conviction Relief, Filed March 5, 2020," and the Court of Common Pleas of Fairfield County's opportunity to rule upon same, on May 14, 2020, that court dismissed Plaintiff's claim as barred by *res judicata*. *See* CAR 187–197; *id.* at 198 ("Petitioner failed to raise a claim of ineffective assistance of counsel on appeal, despite being represented by new counsel and having the opportunity to do so," Case #2016 CR 0475).

11. As a result of this felony conviction, Plaintiff is prohibited from possessing firearms under the GCA, 18 U.S.C. § 922(g)(1).

12. Plaintiff then filed a series of motions (notice of appeal, motion for delayed appeal, motion for reconsideration, emergency motion for stay) on June 14, 2019, and August 16, 2019, with the Ohio Supreme Court. Those motions were denied on August 6, 2019, and October 15, 2019, and Plaintiff's case was dismissed.

13. Despite Plaintiff's claims that he is not guilty of the offense charged, his conviction stands as he is prohibited from the possession of firearms under 18 U.S.C. § 922(g)(1) and thus he is ineligible to be issued a Federal firearms license pursuant to 18 § 923(d)(1)(B).

<u>CONCLUSIONS</u>

14. As such, the Plaintiff is subject to the Federal firearms disabilities contained in 18 U.S.C. § 922(g)(1) and is not eligible for licensing under 18 § 923(d)(1)(B) and 27 C.F.R. § 478.47(b)(2).

15. Therefore, the within renewal application for a type 07 license as a manufacturer of firearms, other than destructive devices is hereby DENIED.

CAR 184–186 (other than changing "Applicant" to "Plaintiff," the foregoing, numbered statements are copied, verbatim, emphasis in the original).

Since issuance of the foregoing denial of Plaintiff's renewal application for a Federal firearms license, by letter dated May 26, 2020, Plaintiff has been formally noticed as a "target of a federal investigation," because his state felony conviction for Improper Handling of a Firearm in a Motor Vehicle in violation of ORC §2923.16(B)&(I), a felony of the fourth degree, prohibits him pursuant to 18 U.S.C. § 922(g)(1), from possessing firearms which were seized from him, post-conviction, and he was advised as such that he "should immediately retain an attorney." CAR 199.

Less than a month later, on June 15, 2020, Plaintiff filed his second appeal to the Ohio Fifth District Court of Appeals, this time challenging the Court of Common Pleas of Fairfield County's decision to dismiss Plaintiff's post-conviction relief claiming ineffective assistance of counsel that resulted in the underlying state felony conviction for Improper Handling of a Firearm in a Motor Vehicle in violation of ORC § 2923.16(B)&(I). *See* CAR 200–208; *see also* fn. 2, supra; CAR 187–197; *id.* at 198 ("Petitioner failed to raise a claim of ineffective assistance of counsel on

appeal, despite being represented by new counsel and having the opportunity to do so," Case #2016 CR 0475). This appeal of the appeal has been briefed and is pending before the Ohio Fifth District Court of Appeals. CAR 209–210.

Plaintiff filed a petition for *de novo* review in this case requesting that "this Honorable Court…declare that sufficient grounds for non-renewing Scofield's Manufacturer of Firearms Other than Destructive Devices License do not exist [and] order that the Final Notice [CAR 184–186] be rescinded." ECF No. 1, PAGEID #: 9. Plaintiff hinges his plea on the novel theory that the felony conviction upon which Defendant relied to deny renewal was "[n]ot a [f]inal [c]onviction," and that he cannot be characterized as a person with a felony conviction until such time as he chooses to dismiss or abandon appeal of that underlying felony conviction. *Id.* at ¶¶ 10-17, "COUNT I Not a Final Conviction," PAGEID #: 3-5. By extension, Plaintiff asserts, Defendants "lacked the discretion and the authority, pursuant to 18 U.S.C. 925(a), to non-renew Scofield's License," and would not have that "discretion and the authority," until Plaintiff chose to submit to same. *Id.* at ¶¶ 16-17, PAGEID #: 5.[3]

On the basis of the foregoing, no dispute of material fact exists, and a hearing, *de novo*, serves no purpose. Instead, this Court is asked to decide as a matter of law if Defendant reasonably and accurately relied upon 18 USC § 925(b) to determine that Plaintiff is subject to the Federal firearms disabilities contained in 18 U.S.C. § 922(g)(1), with a felony conviction final on February 1, 2019, and is thus not eligible for licensing under 18 § 923(d)(1)(B) or 27 C.F.R. § 478.47(b)(2).

---

[3] Plaintiff's "Count II," is simply a collateral challenge to the underlying felony conviction by the Fairfield County, Ohio, Court of Common Pleas, including that court's ruling denying Plaintiff's motion to suppress evidence. *See* ECF No. 1, ¶¶ 18–25; CAR 173–182; *see also* fn. 2, supra; CAR 187–197; *id.* at 198 ("Petitioner failed to raise a claim of ineffective assistance of counsel on appeal, despite being represented by new counsel and having the opportunity to do so," FCCCP, Case #2016 CR 0475). Pursuant to the "Standards of Review, following, this Court's *de novo* review is limited to the question of whether *Defendant ATF's decision* to revoke a federal firearms license was authorized by law. *See Weaver v. Harris*, 486 F. App'x 503, 505 (5th Cir.2012), *cert. denied*, 133 S.Ct. 1606 (2013) (emphasis added). Plaintiff's final "Counts," "III," and "IV" are not claims, but invocations of a right to EAJA fees and "injunctive relief" should he prevail in this action. *See* ECF No. 1, ¶¶ 26–33.

## II.       STANDARDS OF REVIEW PURSUANT TO F.R.C.P. 56(c) & 18 U.S.C. § 923(f)

Summary judgment is appropriate when no genuine issue of material fact exists as to any one of the essential elements of the non-moving party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1982); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56(c) and (e). A fact is material if, under the substantive law, it is identified as a fact that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatories, and admissions on record that demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323. To meet the burden of summary judgment, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) in order to negate essential elements of the nonmoving party's claims, or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir 1989)). Moreover, an administrative "decision may be admitted as evidence and accorded such weight as the Court deems appropriate." *Abrams v. Johnson*, 534 F.2d 1226, 1228 (6th Cir. 1976).

If the moving party satisfies its burden, then the burden shifts to the nonmoving party to produce evidence that presents a conflict of material fact to be resolved by a jury. *Cox*, 53 F.3d at 150. The nonmoving party must come forward with some significant probative evidence necessitating a trial to resolve the factual dispute, but the nonmoving party may not rely on mere allegations, conjectures, or speculations. *Celotex*, 477 U.S. at 324 (1986); *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988); *Bolden v. PRC Inc.*, 43 F.3d 545, 548 (10th Cir.

1994). Thus, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The role of summary judgment is to determine whether a material fact dispute exists for the jury to resolve, "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Tschappatt v. Crescent Metal Products, Inc.*, 2020 WL 260985 *2 (6th Cir. Jan. 17, 2020) quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see* Fed. R. Civ. P. 56.  It is well established that "a party cannot create a disputed issue of material fact by filing an affidavit that contradicts the party's earlier deposition testimony."  *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006) (collecting cases); *see also Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997) (affirming the exclusion of an affidavit that "essentially contradicts" plaintiff's deposition testimony); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 459–60 (6th Cir. 1986) (affirming the exclusion of an affidavit that averred what was said during a conversation when, at their deposition, the affiant had previously denied being able to remember those details).

Plaintiff's "bare denials" and "subjective beliefs" are an insufficient basis upon which to deny summary judgment. *Coulter v. Deloitte Consulting, LLC*, 79 F. App'x 864, 868 (6th Cir. 2003); *see also Gambill v. Duke Energy Corp.*, 456 F. App'x 578, 588-589 (6th Cir. 2012)) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)) ("Such a subjective belief, no matter how genuine, is 'insufficient evidence to establish a claim of discrimination as a matter of law.'"). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Street*, 886 F.2d at 1480 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the record taken in its entirety

could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, a motion for summary judgment must be granted.  *Id.*

One of the primary purposes for the enactment of the GCA was to keep prohibited persons, such as felons, from exercising control over firearms. *See* 18 U.S.C. § 922(g)(1). In creating the GCA, Congress has prohibited convicted felons from holding firearms licenses, as well as from possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of companies that have a firearms business  (i.e. "responsible persons"). *See* 18 U.S.C. § 923(d)(1)(B); *see also Nat'l Lending Group, LLC v. Mukasey*, 2008 WL 5329888 *4 (D. Ariz. 2008).

"Any single violation of the federal statutes or regulations controlling the firearms industry can be a basis for denying an application for a new license or revoking an existing license." *DiMartino v. Buckles*, 129 F. Supp. 2d 824 at 832 (D. Md. 2001), aff'd by unpublished order *DiMartino v. Buckley*, 19 F. App'x 114 (4th Cir. 2001).

When ATF denies a Federal firearms license application, the applicant may request a hearing. 18 U.S.C. § 923(f)(2).  If the agency maintains its position after the hearing, a party whose Federal firearms license has been either revoked or whose application for renewal of a Federal firearms license has been denied "may at any time within sixty days after the date notice was given . . . file a petition with the United States district court for the district in which he resides or has his principal place of business for a *de novo* judicial review of such denial or revocation." 18 U.S.C. § 923(f)(3); *Weaver v. Harris*, 486 F. App'x 503, 505 (5th Cir.2012), *cert. denied*, 133 S.Ct. 1606 (2013).

In conducting this review, the court reviews the administrative record, which "enjoys a presumption of verity." *American Arms Int'l v. Herbert*, 563 F.3d 78, 86 n.12 (4th Cir. 2009). The court may also consider "any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing." 18 U.S.C. § 923(f)(3); *American Arms Int'l*, 563

F.3d at 86 n.12. The court may hold an evidentiary hearing but only if a good reason to do so appears in the administrative record or is presented by the petitioner. *DiMartino v. Buckley*, 19 F. App'x at 115; *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980).

Summary judgment is appropriate when, viewing the facts on the record in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact regarding the denial of the petitioner's application. *Gossard v. Fronczak*, 206 F.Supp.3d 1053, 1059 (D. Md. 2016), citing *American Arms Int'l*, 563 F.3d at 82.

In conducting the *de novo* review, the court is tasked with determining whether ATF was authorized to deny the application. 18 U.S.C. § 923(f)(3); *MEW Sporting Goods, LLC v. Johansen*, 992 F. Supp. 2d 665, 677 (N.D. W. Va. 2014). Although the ultimate decision on the law and facts remains with the trial judge, the court may give ATF's findings "such weight as it believes they deserve in light of the evidence." *Stein's, Inc.*, 649 F.2d at 467. The court can find that ATF was authorized to deny the application if "the trial court concludes in its own judgment that the evidence supporting the decision is 'substantial.'" *Id.*; *Gilbert v Bangs*, 813 F. Supp. 2d 669, 673 (D. Md. 2011).

Furthermore, an evidentiary hearing is not required, and the court may enter judgment solely based upon its review of the administrative record. *Moreno v. Bureau of Alcohol, Tobacco, Firearms, Explosives*, 113 F.Supp.3d 916, 921 (W.D.Tex. Apr. 13, 2015) (citing *Strong v. United States*, 422 F.Supp.2d 712, 720 (N.D.Tex. Mar. 3, 2006)). Moreover, "a court may grant summary judgment in an appeal from an ATF administrative decision when there are no issues of material fact in dispute." *Moreno*, 113 F.Supp.3d at 922. (internal citations omitted).

## III. LAW AND ARGUMENT

### A. Summary Judgment may be entered in the case solely on the basis of the existing administrative record, without need for an evidentiary hearing.

As noted above, ATF's revocation of a Federal firearms license is subject to *de novo* review under 18 U.S.C. § 923(f). Pursuant to Section 923(f), a court is directed to decide whether ATF was "authorized to deny the application or to revoke the license," that is, whether the license holder willfully violated any provision of the GCA or any rule or regulation prescribed under the Act. *See Weaver v. Harris*, 486 Fed. App'x 503, 505 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1606 (2013).

As observed in *Arwady Hand Truck Sales, Inc. v. Vander Werf*, 507 F. Supp. 2d 754 (S.D. Tex. 2007), a court may grant summary judgment on *de novo* review of an ATF administrative action if there are no issues of material fact in dispute. 507 F. Supp. 2d at 758. Relying upon the seminal and oft-cited case, *Stein's, Inc. v. Blumenthal*, the *Arwady* Court noted that, although a court may in its discretion consider evidence outside the administrative record, the court is not required to hold an evidentiary hearing, "and may enter judgment solely based upon the administrative record." *Arwady*, 507 F. Supp. 2d at 758 (citing *Stein's, Inc.*, 649 F.2d at 467). Summary judgment on the basis of the administrative record is appropriate when "no substantial reason to receive additional evidence is present . . . [and] the 'material facts developed at the administrative hearing . . .' are not substantially drawn into question by the party petitioning for review." *Stein's, Inc.*, 649 F.2d at 466 ("Considerations of judicial economy suggest that trial anew of factual matters already litigated should be avoided unless substantial doubt infects the agency's findings.") and at 468, n.7. Notably, *Arwady* was resolved in ATF's favor based upon the uncontested facts in the administrative record, and the parties' cross-motions for summary judgment, without an evidentiary hearing. More recently, *Fairmont Cash v. James* made a similar finding, determining that there was no genuine dispute of material fact as to whether the licensee "willfully" violated the GCA and

agreeing that the ATF was authorized to revoke the FFL. *Fairmont Cash MGMT., LLC v. James*, No. 3:15-CV-077, reported at 2016 WL 5341894, *6 (S.D. Tex. Sept. 23, 2016).[4]

In the present case, Defendant asserts that an evidentiary hearing is unnecessary, because Mr. Scofield does not dispute the *factual* basis for denial of renewal of Plaintiff's renewal application for a Federal firearms license, which is described at length in a fully developed administrative record.

Instead, this Court is asked to decide as a matter of law if Defendant reasonably and accurately relied upon 18 USC § 925(b) to determine that Plaintiff is subject to the Federal firearms disabilities contained in 18 U.S.C. § 922(g)(1), as a result of a felony conviction rendered final on February 1, 2019, and is thus not eligible for licensing under 18 § 923(d)(1)(B) and 27 C.F.R. § 478.47(b)(2). In other words, because of his felony conviction, he cannot transport, ship or receive firearms, thus making it impossible for him to be a licensed firearms manufacturer/dealer. He is also still subject to community control, which likewise forbids him to have firearms.

Plaintiff's numerous filings, past, present, and ongoing, are acknowledged by Defendant in its decision denying Plaintiff's renewal application for a Federal firearms license, and likewise supplement the CAR:

1) Plaintiff was arrested by Pickerington, Ohio police on November 4, 2016, and, on November 10, 2016, before the Court of Common Pleas, Fairfield County, Ohio, Case No. 16 CR 475, Plaintiff was indicted for Improper Handling of a Firearm in a Motor Vehicle, in violation of ORC § 2923.16(B)&(I), a felony of the fourth degree with Specification, in violation of ORC § 2941.14117(A) and Unlawful Possession of a Dangerous Ordnance, in violation of ORC § 2923.17(A)&(D), a felony of the fifth degree, with Specification, in violation of ORC § 2941.1417(A), captioned State of Ohio vs. David Scott Scofield, Court of Common Pleas of Fairfield County, Ohio, Case No. 16CR475. *See* CAR 105–108.

---

[4] A significant number of courts have expressed agreement with this explanation of the scope of judicial review under Section 923(f). *See, e.g., Borchardt Rifle Corp. v. Cook*, 727 F. Supp. 2d 1146, 1159 (D. N.M. 2010); *Strong v. United States*, 422 F. Supp. 2d 712, 720 (N.D. Tex. 2006); *Breit & Johnson Sporting Goods, Inc. v. Ashcroft*, 320 F. Supp. 2d 671, 673 (N.D. Ill. 2004); *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 348 F. Supp. 2d 1299, 1306 (S.D. Ala. 2004); *3 Bridges, Inc. v. United States*, 216 F. Supp. 2d 655, 657 (E.D. Ky. 2002); *DiMartino v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001); *T.T. Salvage Auction Co. v. United States Treasury*, 859 F. Supp. 977, 979 (E.D.N.C. 1994); *Cisewski v. Department of the Treasury*, 773 F. Supp. 148, 150 (E.D. Wis. 1991); *Benjamin v. Bureau of Alcohol, Tobacco and Firearms*, 771 F. Supp. 307, 309-10 (D. Or. 1991); *Al's Loan Office v. United States Dept. of Treasury*, 738 F. Supp. 221, 223 (E.D. Mich. 1990).

2) Plaintiff, represented by legal counsel, entered a plea of No Contest on January 29, 2018, to the Improper Handling of a Firearm in a Motor Vehicle, with Specification charge in the Fairfield County Common Pleas Court.  Plaintiff was found guilty, and sentenced to five years' community control, which included a strict prohibition against having ANY firearms for the duration of his sentence, and the Glock firearm was ordered forfeited to the Pickerington Police Department pursuant to the Specification. The second count of the Indictment with Specification was dismissed.  *See* CAR 103–112.

3) Plaintiff's sentence was stayed, pending his appeal filed on March 1, 2018, to the Fifth District Court of Appeals of the May 9, 2017, judgment of the trial court, which denied Plaintiff's motion to suppress.  *See* CAR 113–119.

4) The Fifth District Court of Appeals affirmed the judgment of the Trial Court denying Plaintiff's motion to suppress on February 1, 2019. As a result, the trial court ordered Plaintiff's previously stayed sentence upon conviction be imposed. *See* CAR 120–130.

5) On June 14, 2019, Plaintiff filed an untimely appeal of the foregoing decision of the Fifth District Court of Appeals to the Ohio Supreme Court, and that appeal was denied by "Entry," on August 6, 2019.  *See* CAR 131–150, 154.

6) On August 16, 2019, Plaintiff filed with the Ohio Supreme Court a "Motion for Reconsideration" of that Court's dismissal less than two weeks prior.  *See* CAR 155–160.

7) On August 16, 2019, the same date as above, Plaintiff filed with the Ohio Supreme Court an "Emergency Motion for Stay Pending Appeal of Appellant David S. Scofield."  *See* CAR 151–153.

8) By Entry dated October 15, 2019, conveyed to the lower court clerk, both Plaintiff's "Motion for Reconsideration," and "Emergency Motion for Stay Pending Appeal of Appellant David S. Scofield" were denied by the Ohio Supreme Court.  *See* CAR 161.

9) In concert with his filings before the Ohio Supreme Court, Plaintiff, with legal counsel, simultaneously filed a "Petition for Post-Conviction Relief" with the trial court on March 21, 2019 claiming ineffective assistance of counsel. *See* CAR 163–182.

10) On May 14, 2020, after briefing by the parties, the presiding Judge of the Fairfield County, Ohio, Court of Common Pleas issued an "Entry Regarding Petition for Post-Conviction Relief," dismissing same based upon *res judicata*, stating "Petitioner failed to raise a claim of ineffective assistance of counsel on appeal, despite being represented by new counsel and having the opportunity to do so."  *See* CAR 187–198.

11) By letter from the United States Attorney for the Southern District of Ohio, dated May 26, 2020, Plaintiff has been formally noticed as a "target of a federal investigation," because his state felony conviction prohibits him pursuant to 18 U.S.C. § 922(g)(1)", from possessing the firearms which were seized from him, post-conviction and he was advised as such that he "should immediately retain an attorney."  *See* CAR 199.

12) Less than a month later, on June 15, 2020, Plaintiff filed his second appeal to the Ohio Fifth District Court of Appeals, this time for the Court of Common Pleas of Fairfield County's decision to dismiss Plaintiff's post-conviction relief claiming ineffective assistance of counsel that resulted in the underlying state felony conviction for Improper Handling of a Firearm in a Motor Vehicle in violation of ORC §2923.16(B)&(I). *See* CAR 200–208; *see also* CAR 187–198. This appeal of the appeal has been briefed and is pending before the Ohio Fifth District Court of Appeals. *See* CAR 209–210.

The "Final Notice of Denial…" of Plaintiff's renewal application for a Federal firearms license, as a "Manufacturer of Firearms Other than Destructive Devices," expressly states, that;

a) 18 USC § 925(b) states in part, that a licensed individual may continue operations…until conviction pursuant to the indictment becomes final. Plaintiff's conviction, for purposes of § 925(b) was final on February 1, 2019, and;

b) A petition for post-conviction relief is not an appeal. It is not a constitutional right. It is a collateral attack on a judgment that applies to "Any person who has been convicted of a criminal offense…" ORC §2953.21.

*See* CAR 185, emphasis in original.

Neither Plaintiff's Petition before this Court, nor his various counsels' various arguments in the CAR substantiate their allegation that Plaintiff cannot be "convicted" of the underlying felony depriving him of renewal of this license as a "Manufacturer of Firearms Other than Destructive Devices," so long as clerks of courts accept his filings.[5]

To be sure, applicants for renewal of a Federal firearms license have had such denials upheld in Federal district and appellate courts for conviction of offenses *less* than Plaintiff's state felony conviction here. *See Jennings v. Mukasey*, 511 F.3d 894 (9th Cir. 2007) (Petitioners, an individual and a business, were denied renewal due to a conviction for a misdemeanor crime of domestic violence, which is a violation of 18 USC § 922(g)(9)).

---

[5] Signing an April 8, 2019 statement as David S. Scofield, Dave's World, Plaintiff has made clear his past, present, and ongoing efforts at post-conviction relief; "As of February 1st 2019, I filed the first round of appeals in the 5th district court of Ohio, but currently have the matter in front of the Ohio Supreme Court for their consideration, and have also retained new counsel who is preparing to argue the matter in front of the Fairfield County Common Pleas Court for Post-Conviction Relief. I am then planning on appealing to the U.S. 6th Circuit Federal Court, and/or the U.S. Supreme Court, if necessary, to assert my Innocence of this matter." *See* CAR 99

In the instant case, Defendant derived the finality of the felony conviction to an earlier cited element that "[t]he Fifth District Court of Appeals affirmed the judgment of the Trial Court overruling Plaintiff's motion to suppress on February 1, 2019.  As a result, the trial court ordered Plaintiff's previously stayed sentence upon conviction be imposed." *See* CAR 120–130; *see also id.* at 185.

Defendant is the only party to this action offering some basis for the determination of "finality of a conviction" solidly grounded in law.

The law, including Federal Rules of Appellate and Criminal Procedure, as well as decisions from the Supreme Court of the United States and the Sixth Circuit Court of Appeals, have established the "finality of a conviction" to be entry of judgment and sentencing. This is precisely the determinative event stated by Defendant; "February 1, 2019," when "the trial court ordered Plaintiff's previously stayed sentence upon conviction be imposed." *See* CAR 120–130; *see also* Fed. R. App. P. 4(b) (conviction is not final for purposes of appeal until entry of judgment); Fed. R. Crim. P. 32(d) (a guilty plea does not become final and may be withdrawn for any fair or just reason before sentence is imposed); *Teague v. Lane*, 489 U.S. 288, 314 (1989) (O'Connor, J., joined by Rehnquist, C.J., Scalia, J., and Kennedy, J.) ("a criminal judgment necessarily includes the sentence imposed upon the defendant."); *Flynt v. Ohio*, 451 U.S. 619, 620 (1981) ("Applied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence."); *Parr v. United States*, 351 U.S. 513, 518 (1956) ("Final judgment in a criminal case means sentence.") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)); *Miller v. Aderhold*, 288 U.S. 206, 210-11 (1933); *United States v. Gottlieb*, 817 F.2d 475, 476 (8th Cir. 1987) (orders regarding a guilty plea are not final decisions until after sentencing); *Aguilera-Enriquez v. INS*, 516 F.2d 565, 571 (6th Cir. 1975) ("Once sentencing [on a guilty plea] is completed…the conviction is final for deportation purposes.") *cert. denied*, 423 U.S. 1050 (1976).

## IV. CONCLUSION

Plaintiff presents no genuine issue of material fact to show that the Attorney General lacked authority to deny his application for renewal of his license. Plaintiff has merely composed his own novel – but fatally flawed – legal theory of "finality of conviction," contrary to the foregoing case law. There is sufficient evidence in the record for the Court to decide this question of law without an evidentiary hearing. Defendant has a felony conviction and is prohibited under Federal law from having firearms. He is also currently on community control which prohibits his possession of firearms. Thus, ATF's decision to deny him a renewal of a Federal firearms license because he is not eligible for licensing was proper. For these reasons, Defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

DAVID M. DEVILLERS
UNITED STATES ATTORNEY

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Attorney for Defendant
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Christopher.Yates@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2021, I electronically filed the foregoing using the Court's CM/ECF system, which will provide notification of the filing to counsel for Plaintiff, Thomas C. Loepp, Esq.

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney